# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY C. STRINGER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 6:14-CV-05143-DGK |
| | ) | Crim. No. 6:10-CR-05038-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND DENYING A CERTIFICATE OF APPEALABILITY

This case arises out of Movant Timothy Stringer's guilty plea to producing child pornography and manufacturing counterfeit currency. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1).

Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Procedural History

On June 14, 2010, a Missouri State Highway Patrol officer (the "Patrolman") pulled Movant's vehicle over for lacking a license plate and operable taillights. When the Patrolman approached the vehicle, he noticed that Movant, then thirty-three, was accompanied by two female minors: GR and AK. Fifteen-year-old GR sat in the front passenger seat, while seventeen-year-old AK sat in the backseat. After conducting some initial computer checks, the Patrolman noticed that GR and AK both appeared to be under the influence of illegal substances, so he requested that local police bring a drug dog to the scene.

While waiting for the dog to arrive, Movant exited the vehicle and the Patrolman observed a knife in his pocket. The Patrolman ordered Movant to remove it, and in the process of doing so, Movant also removed a contact lens case. The Patrolman obtained consent to search the case and discovered a substance he believed to be methamphetamine. He requested the local police also bring a drug test kit.

Another officer soon arrived with the kit. A field test revealed that the substance was methamphetamine; Movant was placed under arrest. After the canine unit arrived, the drug dog alerted to Movant's seat and the dash panel. This prompted the Patrolman to search the passenger compartment. His initial search uncovered a Samsung cell phone (the "Samsung") and glass pipe, both in GR's purse. Based upon prior experience, the Patrolman believed that further drug information could be found on the phone. He then searched through the text messages and contacts. In doing so, the Patrolman found photographs of what GR confirmed to be Movant and her having sexual intercourse. The Patrolman also placed Movant under arrest for statutory rape.

The Patrolman resumed the vehicle search and found a digital camera and a Motorola cell phone (the "Motorola") that contained nude images of GR and AK, as well as photographs of Movant having sexual intercourse with GR. This search and a subsequent search of Movant's residence uncovered counterfeited bills and devices to produce them. GR later confirmed that Movant had sexual intercourse with her and he used the Motorola and camera to document it.

Movant was charged with five federal crimes, including production of child pornography in violation of 18 U.S.C. § 2251(a) and manufacturing counterfeit currency in violation of 18 U.S.C. § 472. Movant moved to suppress the evidence and statements stemming from the traffic stop and house search. At the suppression hearing, the Patrolman and other officers testified that GR told them that she was using the Samsung, while the Motorola found on the floorboard

belonged to Movant. The officers were neither told nor asked who owned the Samsung, but Movant's counsel insinuated through cross-examination that Movant owned it. The Patrolman further testified that the first image he found was in the Samsung's text messaging folder, but the remaining images were located in other folders that he searched.

The magistrate recommended denial of the suppression motion, finding in relevant part that the Motorola and camera were lawfully searched as "containers" under the automobile exception to the Fourth Amendment's warrant requirement. *United States v. Stringer*, No. 10-05038-01-CR-W-GAF, 2011 WL 3847026, at *8-9 (W.D. Mo. July 20, 2011). The district judge adopted this recommendation, and set a trial date. Before trial, Movant pled guilty to the counterfeiting charge and the attendant forfeiture allegation. The other charges remained.

The case was then transferred to the undersigned for trial. Before jury selection had begun, Movant entered into a conditional guilty plea to the production of child pornography in exchange for the dismissal of the remaining counts and the opportunity to challenge the suppression issue on appeal. This Court then sentenced Movant to 360 months' imprisonment for child pornography production and 60 months' imprisonment for counterfeiting.

Movant appealed, arguing in part that the Patrolman's search of the Motorola cell phone and the camera violated the Fourth Amendment. Movant contended that neither the cell phone nor the camera could be considered "containers" so as to fit within the automobile exception to the warrant requirement. The Eighth Circuit never addressed this argument because it found that the photographs on the Samsung were sufficient to sustain Movant's guilty plea conviction and that Movant had not shown that he had standing to challenge the search of that phone. *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014). The panel rendered this decision on January 6, 2014, and Movant did not appeal to the United States Supreme Court.

3

On June 25, 2014, the Supreme Court decided *Riley v. California*, 134 S. Ct. 2473, 2495 (2014), holding that police must obtain a warrant before searching a cell phone seized incident to an arrest. On October 17, 2014, Movant filed the instant motion, which is now ripe for review.

**Standard**

Under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* § 2255(b).

**Discussion**

**I. Movant's grounds do not supply a basis to overturn his guilty plea.**

Movant offers two grounds for overturning his conviction. First, citing *Riley*, he contends that the warrantless search of the cell phones and camera clearly violate the Fourth Amendment. Second, he argues that his appellate counsel was constitutionally ineffective for failing to argue that Movant had standing to challenge the search of the Samsung found in GR's purse. The Court addresses each below.

**A. *Riley* does not apply retroactively.**

Broadly construed, Movant's first argument asserts that *Riley* invalidates his conviction since the evidence underpinning his guilty plea was obtained by means that this case outlaws, namely the warrantless searching of cell phones.

Assuming without deciding that *Riley* is apposite and its application would otherwise entitle Movant to the relief he seeks, the Court holds that it does not apply retroactively to this collateral proceeding. A new rule of criminal procedure generally does not apply retroactively to a case in which the conviction has become final. *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (citing *Teague v. Lane*, 489 U.S. 288, 310-11 (1989)). A new rule does

4

apply collaterally if it: (1) "place[s] [the] conduct beyond power of [the] criminal law-making body to proscribe"; or (2) is a "'watershed' rule[] of criminal procedure." *Id.* (summarizing *Teague*, 489 U.S. at 310-11).

The first issue is whether Movant's conviction became final before *Riley* was decided. *See United States v. Chang Hong*, 671 F.3d 1147, 1151 (10th Cir. 2011) (noting that the first step in the retroactivity analysis is determining when the defendant's conviction became final). Where, as here, a defendant does not appeal from an adverse circuit court decision, the conviction becomes final when the ninety-day period for filing a petition for certiorari expires. *Ramos-Martinez v. United States*, 638 F.3d 315, 320-21 (1st Cir. 2011) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13.1). Here, the Eighth Circuit affirmed his conviction on January 6, 2014, so the ninety-day filing window closed on April 7, 2014. *See id.* Movant's conviction thus became final two months before the *Riley* decision.

The Court must next decide whether *Riley*'s holding is a "new" or "old" rule of criminal procedure because an old rule applies collaterally, while a new rule generally does not. *See Chang Hong*, 671 F.3d at 1153. A rule is new "if it breaks new ground, imposes a new obligation on the States or the Federal Government, or was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (quoting *Graham v. Collins*, 506 U.S. 461, 467 (1993)). Here, the Court finds that *Riley*'s holding was not "*dictated* by existing precedent when [Movant's] conviction became final." *Id.* Although the *Riley* court founded its holding on the Fourth Amendment's general warrant requirement and the inapplicability of prior search-incident-to-arrest cases, the majority of the federal district and circuit courts applying those same principles and cases had previously concluded that warrantless cell phone searches incident to an arrest *were* constitutional. *See, e.g.*, *United States v. Chaidez-Reyes*, 996 F. Supp. 2d 1321, 1341-42 (N.D. Ga. 2014) (collecting cases that upheld warrantless searches of cell

5

phones). This bulwark of contrary law prior to *Riley* indicates that the rule announced therein was not "dictated by existing precedent" when Movant's conviction became final. Thus, this Court finds that *Riley* announced a new rule of criminal procedure. *See also United States v. Gary*, —F.3d—, 2015 WL 3814617, at *4 (7th Cir. June 19, 2015) ("Though the search took place before *Riley* was decided, we apply the *new constitutional rule* announced in *Riley* because this is the direct appeal of a criminal conviction." (emphasis added)); *cf. Riley*, 134 S. Ct. at 2496-97 (Alito, J., concurring) ("[W]e should not mechanically apply the rule used in the predigital era to the search of a cell phone" because the technological sophistication of modern cell phones "calls for a new balancing of law enforcement and privacy interests.").

The only remaining issue is whether the *Riley* rule fits within one of the two narrow *Teague* exceptions noted above. The Court finds that it does not. The first exception is inapplicable because *Riley* limited only the circumstances under which law enforcement may search cell phones for evidence; it did not curtail the lawmaking body's ability to proscribe the underlying conduct being ferreted out by the search. *See Garcia v. Bradt*, No. 09-CV-7941-VB, 2012 WL 3027780, at *5 (S.D.N.Y. July 23, 2012) (finding that the GPS search warrant rule announced in *United States v. Jones*, 132 S.Ct. 945, 955 (2012), did not "render any primary, private conduct outside the scope of the police power."). Nor did *Riley* announce a "watershed" rule of criminal procedure because requiring warrants for cell phone searches does not alter or augment any "bedrock procedural elements" that are integral to the "accurate determination of innocence or guilt." *See Teague*, 489 U.S. at 313, 315; *see also Bradt*, 2012 WL 3027780, at *5 (holding that *Jones* did not announce a "watershed" rule). Thus, *Riley* is not retroactively applicable. *Cf. Jones v. Warden, FCC Coleman-Medium*, 520 F. App'x 942, 945 (11th Cir. 2013) (holding that *Jones* does not apply retroactively); *United States v. Ishmael*, 343 F.3d 741,

6
Case 3:14-cv-05143-DGK   Document 14   Filed 08/06/15   Page 6 of 11

743 (5th Cir. 2003) (holding that the thermal-imaging search-warrant rule announced in *Kyllo v. United States*, 533 U.S. 27, 40 (2001), does not apply retroactively).

Since *Riley* does not apply retroactively, it cannot supply a basis to overturn Movant's guilty plea. Ground one is accordingly DENIED.[1]

### B. Movant's appellate counsel was not ineffective for failing to argue on appeal that Movant had standing to challenge the search of the Samsung.

Seizing upon the Eighth Circuit's rationale for affirmance in his direct appeal, Movant contends that his appellate counsel ("Counsel") was constitutionally ineffective when she failed to argue that Movant had standing to challenge the search of the Samsung.

To succeed on a claim of ineffective assistance of appellate counsel, Movant must demonstrate: "(1) his appellate attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Movant has not shown prejudice. This prong requires Movant to show "the result of the proceeding would have been different" had Counsel raised the standing argument. *See United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008). "The likelihood of a different result must be substantial, not just conceivable." *Hanegan v. Miller*, 663 F.3d 349, 355 (8th Cir. 2011)

---

[1] The Government also argues that even if *Riley* applies, the Patrolman's conduct can be excused under an exception available for the good-faith reliance on caselaw. *See Davis v. United States*, 131 S. Ct. 2419 (2011). Although there was no binding, apposite authority to guide the Patrolman when he conducted the searches, it is possible that the Supreme Court cases distinguished in *Riley* and persuasive out-of-circuit precedent could have been interpreted by him as sanctioning the searches. *Cf. United States v. Katzin*, 769 F.3d 163, 177-87 (3d Cir. 2014) (holding that despite no binding appellate precedent in the Third Circuit at the time a police officer conducted a warrantless GPS tracking of a car, the officer's conduct fit within the *Davis* good-faith exception because Supreme Court cases indirectly supported it and out-of-circuit precedent explicitly sanctioned it). The Court, however, need not decide this issue because *Riley*'s inapplicability forecloses his first ground.

(quoting *Harrington v. Richter*, 562 U.S. 86, 100 (2011)).  Essentially, this means that Movant must demonstrate that there is a "substantial" likelihood that he would have not only prevailed on his standing argument but also on the underlying merits argument.  *See Stringer*, 739 F.3d at 396 ("Stringer's [cell phone search argument] fails before we reach the merits.").

To show Fourth Amendment standing, Movant needed to show that he had a legitimate expectation of privacy in the Samsung and its contents.  This showing comprises two prongs: (1) that Movant had a subjective expectation of privacy in the Samsung and its contents; and (2) that his subjective expectation was "objectively reasonable."  *See United States v. Perry*, 548 F.3d 688, 691 (8th Cir. 2008).  The objective reasonableness inquiry includes considerations of whether: "[1] the party [had] a possessory interest in the things seized or the place searched; [2] the party [could have] exclude[d] others from that place; [and 3] the party took precautions to maintain privacy."  *Id.*  The party asserting standing bears burden of proving it.  *See United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015).

Assuming without deciding that Movant could have shown a subjective expectation of privacy in the Samsung, he would have failed to show objective reasonableness.  Movant's ownership of the phone was the only record evidence supporting his standing argument.  Although ownership is relevant to the standing inquiry, *see Turner*, 781 F.3d at 382, it is by no means dispositive.  *See United States v. Schroeder*, 129 F.3d 439, 442 (8th Cir. 1997) ("This legitimate expectation [of privacy] is based *not solely on ownership*, nor on positive law, but on what is socially recognized as reasonable." (emphasis added)).  And the remaining record evidence severely undercuts Movant's standing argument.  The Samsung was found not on Movant's person, but rather in GR's purse.  It is also undisputed that GR, not Movant, was "using" the Samsung.  This suggests that GR had the sole possessory interest in the Samsung and its contents.  Nor did Movant present any evidence at the suppression hearing that he had

password protected the Samsung, had taken other precautions to protect its contents, or he had the authority to exclude others from using it or viewing its content.[2]

Given the paucity of supporting evidence, the Court cannot conclude that there is a "substantial" likelihood that Movant would have succeeded on his standing argument. *Compare Casella v. Borders*, 649 F. Supp. 2d 435, 439 (W.D. Va. 2009), *aff'd*, 404 F. App'x 800 (4th Cir. 2010) (holding that a § 1983 plaintiff who owned a cell phone but lent it to her boyfriend did not have a legitimate expectation of privacy in it and its contents because she had relinquished possession of the phone and she did not present evidence that she excluded others from the phone), *with United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007) (holding that a criminal defendant had a legitimate expectation in a cell phone owned by his employer but used by him because he possessed the phone, he had a right to exclude others from using the phone, he took precautions to maintain his privacy, and he could use it for personal purposes).

Even if Movant had succeeded on his standing argument, there is not a "substantial" likelihood that he would have succeeded on the underlying merits. While the crux of Movant's argument for suppression on appeal—that cell phones are more analogous to computers than containers, and thus, not searchable without a warrant—was eventually validated by the Supreme Court in *Riley*, this conclusion was far from self-evident at the time of Movant's appeal. To the contrary, the majority of federal district and circuit courts had rejected similar arguments or rendered opinions that undercut the logic of his argument. *See United States v. Wurie*, 728 F.3d 1, 5 (1st Cir. 2013) ("Though a majority of these courts have ultimately upheld warrantless cell phone data searches, they have used a variety of approaches."). And although the First Circuit disavowed of warrantless searches in *United States v. Wurie*, subsequent district court decisions

---

[2] Movant's § 2255 motion is also devoid of any such allegations; rather, he rests his entire standing argument upon his alleged ownership of the Samsung.

continued to condone such conduct. *See, e.g., Chaidez-Reyes*, 996 F. Supp. 2d at 1341 (rejecting *Wurie*'s rationale and finding the warrantless search constitutional). These conflicting views on the constitutionality of warrantless cell phone searches illustrate the unsettled nature of the law at the time of Movant's appeal. And this uncertainty convinces the Court that the likelihood of Movant prevailing on the merits was less than "substantial." *See Hanegan*, 663 F.3d at 355.

Since Movant has not demonstrated that he suffered prejudice from Counsel's failure to raise the argument on appeal, Ground two is DENIED.

### II. No evidentiary hearing is required and no certificate of appealability will be issued.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). As shown above, even if Movant's allegations are accepted as true, they would not entitle him to relief. Thus, no evidentiary hearing is required.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:　August 6, 2015　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT